UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MEHRDAD VALIBEIGI,

       *Plaintiff*,

v.

DISTRICT OF COLUMBIA,

       *Defendant*.

Civil Action No. 22-3149 (TJK)

## MEMORANDUM

Mehrdad Valibeigi owned at least three different apartment complexes in the District of Columbia in 2018. ECF No. 29 ¶¶ 5, 7–9. He alleges that the District sued him and his companies three times over the next several years for housing-code violations under the Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.*, and the Tenant Receivership Act ("TRA"), D.C. Code § 42-3651.01 *et seq.* ECF No. 29 ¶¶ 7–9. In October 2022, he responded by suing the District for violating several of his constitutional rights, and he amended his complaint a few months later. ECF Nos. 1, 4. The Court granted the District's motion to dismiss that amended complaint but gave Valibeigi a final opportunity to amend. ECF Nos. 26, 27. He did so in November 2024. ECF No. 29. But because the factual allegations in Valibeigi's second amended complaint are mostly the same as those in the one already dismissed, the Court will dismiss his operative complaint and the case.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff states a facially plausible claim when he pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's favor."  *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014).  But "mere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  As Valibeigi proceeds pro se, the Court must construe his complaint liberally.  *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017).  And the Court must consider not only the facts in his complaint, but also those he presented in opposing the District's motion to dismiss.  *See Watson v. D.C. Water & Sewer Auth.*, 249 F. Supp. 3d 462, 464 (D.D.C. 2017); *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).  Ultimately, though, a pro se plaintiff still must plead a plausible claim to avoid dismissal.  *See Odutola v. Branch Banking & Tr. Co.*, 321 F. Supp. 3d 67, 73 (D.D.C. 2018).

In his first amended complaint—the one the Court already dismissed—Valibeigi alleged that the District violated his First, Fourth, Fifth, and Fourteenth Amendment rights in bringing its three lawsuits against him.  ECF No. 4 ¶¶ 33–47.  First, he alleged that the District selectively prosecuted him in violation of the Fifth and Fourteenth Amendments by (1) treating him differently than the District of Columbia Housing Authority ("DCHA") when it sued him the under the CPPA and TRA, rather than the Nuisance Abatement Act ("NAA"), D.C. Code § 42-3101 *et seq*; and (2) bringing suits relating to *his* properties, which were in less affluent areas of the city, rather than properties located in wealthier neighborhoods.  *Id.* ¶¶ 33–38.  Second, he alleged that the lawsuits violated his purported First and Fourth Amendment right to "Free Commerce."  *Id.* ¶¶ 46–47.  The Court dismissed those claims for two reasons: first, because Valibeigi had not plausibly alleged that anyone had violated his rights; and second, because he had not plausibly alleged that the District, as a municipality, should be held liable for any alleged violations.  ECF No. 27 at 4–10.

Valibeigi narrows his legal claims in his second amended complaint. He reasserts only a claim that the District selectively prosecuted him by suing him under the CPPA and TRA, rather than the NAA, under which it sued the DCHA several times. ECF No. 29 ¶¶ 27–29; *see also* ECF No. 33 at 6. But for all the reasons discussed in the Court's prior opinion, this claim still fails. *See* ECF No. 27 at 4–10. The scant new factual allegations Valibeigi asserts do not change that outcome.

For example, Valibeigi now alleges more facts supporting his contention that the DCHA's properties were in far worse conditions than his properties. ECF No. 29 at 3, ¶ 26. He also provides more allegations undercutting the severity of the housing-code violations at his properties. *Id.* at 12; ECF No. 33 at 8–10. But the Court did not dismiss his prior selective-prosecution claim because he had failed to allege that the DCHA properties were in worse conditions than his own were. Instead, the Court held that, even if that were the case, he had still failed to state a selective-prosecution claim because he had not pleaded "that he was similarly situated to the DCHA 'across *a range* of relevant prosecutorial factors.'" ECF No. 27 at 6 (quoting *Frederick Douglass Found., Inc. v. District of Columbia*, 82 F.4th 1122, 1138 (D.C. Cir. 2023)). This is particularly relevant because of the DCHA's status as part of the District government: the Court noted that the District "may well have other methods of forcing the DCHA to comply with the District's laws and regulations because of its status as a public entity." *Id.* Indeed, Valibeigi implicitly acknowledges this point when he points out that Mayor Muriel Bowser has a "strong hold on this public entity." ECF No. 33 at 13. Because the second amended complaint does not remedy this deficiency, it does not plausibly allege that Valibeigi was selectively prosecuted in violation of the Fifth Amendment.[1]

---

[1] Valibeigi appears to argue that the Court should not dismiss his complaint at this point because evidence supporting a selective-prosecution claim is "difficult to uncover without discovery." ECF No. 29 at 13; ECF No. 33 at 10. But the federal rules "do[] not unlock the doors of

The second amended complaint also fails for the other reason the first did. Even if Valibeigi had successfully pleaded that he was the victim of selective prosecution, he has not sufficiently pleaded that the District should be held liable as a municipality under 42 U.S.C. § 1983. In other words, he has not plausibly alleged that his being sued under the CPPA and TRA, rather than the NAA, followed an official municipal policy. *See* ECF No. 27 at 8–10. He again relies on his allegation that "the District initiated policies aimed at slowing down the pace of gentrification, stabilizing the rapid dislocation of the poor, and improving the housing conditions of the existing multifamily rental units," which resulted in "intensifying the enforcement of the" CPPA and TRA. ECF No. 29 at 2. These are conclusory allegations, without many specifics. But even assuming such policies existed, the Court has already held that they are insufficient to plausibly allege municipal liability on a selective-prosecution claim. ECF No. 27 at 9. "To say that the District decided to beef up its enforcement practices is not to suggest that it did so in a discriminatory manner that 'caused the violation' of Valibeigi's rights." *Id.* (quoting *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)).[2] Valibeigi also gestures toward other cases in which either the District or DCHA was held liable for various types of misconduct. ECF No. 33 at 11–13. But none involved a selective-prosecution claim, much less one analogous to the one asserted by Valibeigi.

For all the above reasons, the Court will grant the District's motion and dismiss Valibeigi's

---

discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Because Valibeigi has failed to come forward with factual allegations sufficient to allow a plausible inference that he has been selectively prosecuted, "he is not entitled to discovery." *Id.* at 686.

[2] Valibeigi's argument that the District was deliberately indifferent to housing-code violations at DCHA properties does not help him make out such a claim. *See* ECF No. 33 at 11. For a deliberate-indifference theory to succeed, Valibeigi must plausibly allege that the District was deliberately indifferent to a substantial risk that municipal actors would violate Valibeigi's constitutional rights—not the housing code. *See Frederick Douglass Found., Inc.*, 82 F.4th at 1148.

4

second amended complaint and the case.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 10, 2025